People v D.G. (2025 NY Slip Op 51738(U))

[*1]

People v D.G.

2025 NY Slip Op 51738(U)

Decided on October 31, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 31, 2025
Youth Part, Erie County

The People of the State of New York

against
D.G., AO.

Docket No FYC-73291-25/001

Taylor Yensan, Esq. (Assistant District Attorney)
Matthew Swerdlin, Esq. (for Principal D.G.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of these actions to the juvenile delinquency part of Erie [*2]County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Taylor L. Yensan, Esq. (Assistant District Attorney), dated October 15, 2025; the Affirmation in Response to the People's Motion Opposing the Removal, dated October 24, 2025, having been filed by Matthew S. Swerdlin, Esq., on behalf of AO D.G.; the ADA having reserved the right to a hearing on the facts alleged in support of the People's Motion; and due deliberation having been had, the Court finds the following:
Procedural History
AO D.G. was charged under 23 felony youth complaints.
He was charged under FYC-73291-25 with one count of Criminal Possession of Stolen Property in the Fourth Degree (PL § 165.45(2)) for an incident that occurred on September 8, 2025.
AO D.G. was charged under FYC-73292-25 with one count of Criminal Possession of Stolen Property in the Third Degree (PL § 165.50) and one count of Unauthorized Use of a Vehicle in the Third Degree (PL § 165.05(1)) for an incident that occurred on September 8, 2025.
AO D.G. was charged under FYC-73441-25 with one count of Criminal Possession of Stolen Property in the Second Degree (PL § 165.52), one count of Criminal Mischief in the Third Degree (PL § 145.05(2)), and one count of Unauthorized Use of a Vehicle (PL § 165.05(1)) for an incident that occurred on September 12, 2025.
AO D.G. was charged under FYC-73446-25 with one count of Criminal Possession of Stolen Property in the Fourth Degree (PL § 165.45(2)); one count of Criminal Mischief in the Third Degree (PL § 145.05(2)); two counts of Grand Larceny in the Fourth Degree (PL § 155.30(1) and PL § 155.30(4)); one count of Petit Larceny (PL § 155.25) for an incident that occurred on September 18, 2025.
AO D.G. was charged under FYC-73434-25 with one count of Criminal Possession of a Weapon in the Second Degree (PL § 265.03(3)); one count of Criminal Possession of a Weapon in the Third Degree (PL § 265.03(3)); one count of Escape in the Third Degree (PL § 205.05); and one count of Failure to Safely Store Rifles, Shotguns, and Firearms in the First Degree (PL § 265.45(1) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73435-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73436-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73437-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73438-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) and one count of Petit Larceny (PL § 155.25) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73439-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) and one count of Grand Larceny in the Fourth Degree (PL § 155.30(4)) for an incident that happened on September 19, 2025.
AO D.G. was charged under FYC-73442-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) and one count of Grand Larceny in the Fourth Degree (PL § 155.30(4)) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73444-25 with one count of Criminal Mischief in the [*3]Third Degree (PL § 145.05(2)) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73445-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73448-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73449-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73450-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) and one count of Petit Larceny (PL § 155.25) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73453-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73454-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73456-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) and two counts of Grand Larceny in the Fourth Degree (PL § 155.30(1) and PL § 155.30(4)) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73457-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)); one count of Grand Larceny in the Fourth Degree (PL § 155.30(4)); and one count of Criminal Possession of Stolen Property in the Fifth Degree (PL § 165.40) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73458-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)); one count of Grand Larceny in the Fourth Degree (PL § 155.30(4)); and one count of Criminal Possession of Stolen Property in the Fourth Degree (PL § 165.45(2)) for an incident that occurred on September 19, 2025.
AO D.G. was charged under FYC-73460-25 with one count of Criminal Mischief in the Third Degree (PL § 145.05(2)) for an incident that occurred on September 19, 2025.
AO D.G. was issued an appearance ticket on FYC-73292-25 and directed to appear on September 16, 2025. He failed to appear, and this Court issued a bench warrant.
AO D.G. appeared on September 22, 2025, and this Court recalled the warrant.
On September 22, 2025, this Court arraigned AO D.G. on all 23 cases and set bail at $50,000.00 A, B, $75,000.00 E at 10%. A felony hearing and six-day reading under CPL § 722.23(2)(a) was scheduled for September 26, 2025.
On September 26, 2025, the People conceded the six-day reading(s) and did not go forward with the felony hearing. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. AO D.G. requested nominal bail, as he was already detained on a Family Court matter. This Court issued a Scheduling Order. The People's Motion was due October 17, 2025, AO D.G.'s responsive papers were due on October 24, 2025, and a decision on motion was scheduled on October 31, 2025.

Findings of Fact
It is alleged that on September 8, 2025, an individual later identified as AO D.G. was spotted on surveillance footage driving a 2017 Dodge Durango, which was reported as Victim 1's stolen vehicle. After AO D.G. was placed into custody on the stolen vehicle charges, Officers searched him and recovered a stolen credit card belonging to Victim 2. AO D.G. was issued an appearance ticket for both incidents.
It is further alleged that on September 12, 2025, AO D.G. was in possession of a 2024 Audi Q5, which was previously reported stolen. AO D.G. remained in possession of the Audi Q5 for one week. During that time, approximately $500.00 in damages were caused to the rear passenger side door, Infotainment system, and GPS system.
On September 18, 2025 and September 19, 2025, AO D.G. and his co-defendants broke into multiple vehicles in several parking lots, causing significant damage, and stole items of value from the vehicles.
AO D.G. was arrested on September 19, 2025. During transport to Police Headquarters, he broke away from officers and took off running, resulting in a foot chase. AO D.G. was re-apprehended and detained.
Officers later went to AO D.G.'s home address to search for items that were stolen from the damaged vehicles. The homeowner gave them permission to search. Officers recovered a loaded handgun with 21 rounds in the magazine from a laundry hamper in AO D.G.'s bedroom.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. CPL § 722.23(1)(a), (d).
The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept., 2025). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors." NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra. The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court.'" See, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021).
The People argue that this matter should not be transferred to Family Court because the facts are extraordinary, AO D.G. committed a series of crimes over a series of days, and he has a history in Youth Part. They state that on July 23, 2025, this Court removed a case against AO D.G. wherein he was in possession of a stolen vehicle, which led police on a chase then crashed.
AO D.G. contends that the facts of this case are not especially cruel and heinous. He raises mitigating circumstances including that his biological father is uninvolved and mother is unsupportive; his mother kicked him out of her home in June 2025; he has an individualized education plan for ADHD and requires testing accommodations; he was the victim of domestic abuse at least twice, at the age of 12 or 13 years old; and he reported feeling helpless and hopeless after being choked on two occasions.
After considering the People's Motion and AO D.G.'s responsive papers and accounting for all the circumstances of this case and this young person, this Court finds that extraordinary circumstances exist to prevent removal of this case. The People provided sufficient proof that AO D.G. committed a series of serious crimes over the course of several days. See NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 40. AO D.G. allegedly committed [*4]27 felonies and 8 misdemeanors within the span of 11 days. Specifically, he is charged with the following felonies: twenty counts of Criminal Mischief, three counts of Criminal Possession of Stolen Property, one count of Criminal Possession of Stolen Property in the Second Degree, one count of Criminal Possession of a Weapon in the Second Degree, one count of Criminal Possession of a Weapon in the Third Degree, one count of Criminal Possession of Stolen Property in the Third Degree. He is also charged with the following misdemeanors: three counts of Petit Larceny, two counts of Unauthorized Use of a Vehicle in the Third Degree, one count of Criminal Possession of Stolen Property in the Fifth Degree, one count of Escape in the Third Degree, and one count of Failure to Safely Store Rifles, Shotguns, and Firearms in the First Degree. His actions impacted 21 victims, many of whom must now repair their vehicles and replace other personal property.
Moreover, AO D.G. demonstrated that he will not be amenable to or would benefit from further services provided by Family Court if this matter was removed. He has a history in Youth Part. On July 23, 2025, this Court removed a stolen car case against AO D.G. to Family Court. Furthermore, in one of the instant cases, he failed to appear for his scheduled Court date on September 16, 2025, causing this Court to issue a bench warrant. The Court recalled the warrant only after AO D.G. was arrested on new charges. AO D.G. then was unable to participate in Voluntary Case Planning Services, because services were terminated when he was sent to placement on a Family Court matter during the pendency of this action.
AO D.G. presents with considerable mitigating circumstances; however, the aggravating factors are even more significant. After examining all the circumstances of this case and this youth, this Court finds that extraordinary circumstances exist to prevent the transfer of this action to Family Court. The People met their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN